J-S36045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN E. LONGENDORFER, III | : | |
| | : | |
| Appellant | : | No. 981 WDA 2024 |

Appeal from the PCRA Order Entered August 1, 2024
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000784-2017

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: NOVEMBER 13, 2025**

Following a November 8, 2023 remand, John E. Longendorfer III appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Separately, Longendorfer's counsel, Michael R. Hadley, Esquire, has filed a motion to withdraw from representation and an accompanying **Turner**/**Finley** "no-merit" brief before this Court.[1] We affirm the order denying PCRA relief and grant counsel's motion to withdraw.[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] All other outstanding motions, applications, and submissions, filed by both Attorney Hadley and Longendorfer, *pro se*, are denied as moot.

This matter features a tortured procedural history, which we previously summarized as follows:

> On September 10, 2018, Longendorfer[, after being permitted to proceed *pro se*,] entered an open guilty plea to one count of theft by deception—false impression, and two counts each of conspiracy and identity theft. That same day, the court sentenced him to an aggregate [term] of 7 to 15 years' incarceration. Longendorfer's post-sentence motions to withdraw his plea and for sentence modification were denied by operation of law on February 5, 2019. Longendorfer[, still *pro se*,] appealed to this Court, which affirmed his judgment of sentence. **See Commonwealth v. Longendorfer**, 237 A.3d 489 (Pa. Super. 2020) (Table).

> On August 4, 2020, Longendorfer filed a timely *pro se* PCRA petition[, the same petition addressed in the present appeal]. The PCRA court, [with] the Honorable Thomas K. Kistler [presiding], appointed counsel, David R. Gloss, Esquire. Attorney Gloss[, as first PCRA counsel,] prepared, but did not file, a **Turner/Finley** "no-merit" letter and motion to withdraw as counsel. On September 16, 2021, Judge Kistler issued [Pennsylvania Rule of Criminal Procedure] 907 notice of his intent to dismiss Longendorfer's petition. By letter dated October 4, 2021, Longendorfer requested an extension of time to file his response to the court's Rule 907 notice. By order dated October 12, 2021, the court granted Longendorfer an additional 60 days to file his response. Longendorfer timely filed a response on December 6, 2021. However, on February 2, 2022, Judge Kistler dismissed Longendorfer's PCRA petition for "fail[ure] to comply with the [c]ourt[-]imposed deadline of 60 days for the filing of a response." PCRA Court Order, 2/2/22. On March 4, 2022, Longendorfer filed a timely *pro se* notice of appeal, while technically still represented by Attorney Gloss. On March 23, 2022, the PCRA court directed Longendorfer to file a [Pennsylvania Rule of Appellate Procedure] 1925(b) concise statement of errors complained of on appeal. On March 28, 2022, Longendorfer filed a *pro se* document titled "Petitioner's Response to Pa.R.Crim.P. 907 Notice of Intent to Dismiss," which the PCRA court apparently accepted as a Rule 1925(b) statement.

> Thereafter, on March 30, 2022, after Longendorfer filed his notice of appeal of the February 2, 2022 order dismissing his petition,

- 2 -

Judge Kistler issued the following order:

> AND NOW, this 30[th] day of March, 2022, the court has before it [Longendorfer's] response to the court's [Rule 907 notice]. After thorough review of [Longendorfer's] response and all other relevant information that is included in the record, notice is hereby given that [Longendorfer's] PCRA [petition] is DISMISSED without a hearing pursuant to Pa.R.Crim.P. 907.

> PCRA Court Order, 3/30/22 (unnecessary capitalization omitted).

> At some point subsequent to the entry of the March 30, 2022 order, Longendorfer's case was reassigned to the Honorable Marie T. Veon. On June 15, 2022, having reviewed Attorney Gloss' "no-merit" letter and motion to withdraw, Judge Veon granted him leave to withdraw his representation. Finally, on June 23, 2022, finding that Longendorfer had not waived his right to counsel and that "[j]ustice requires that counsel be appointed for the appeal," Judge Veon appointed [second PCRA] counsel, Joseph J. Ferguson, Esquire, to represent Longendorfer in the instant appeal. Attorney Ferguson has filed with this Court a "no-merit" brief and an application to withdraw.

> In her Rule 1925(a) opinion, Judge Veon acknowledges that the February 2, 2022 order issued by Judge Kistler, dismissing Longendorfer's PCRA petition for failure to file a response to the court's Rule 907 notice, was erroneously entered, as Longendorfer had, in fact, filed his response in a timely manner.

***Commonwealth v. Longendorfer***, 2023 WL 7409312 at *1-2 (Pa. Super., filed Nov. 8, 2023) (unpublished memorandum) (footnotes omitted; some brackets in original). Ultimately, we concluded that because "Longendorfer's PCRA counsel prepared, but never filed of record with the PCRA court, a ***Turner/Finley*** "no-merit" letter and motion to withdraw[,]" Longendorfer's "timely first PCRA petition was 'effectively uncounseled.'" ***Id.*** at *2. As such, we vacated the order denying PCRA relief and remanded for "further

proceedings in which the court shall appoint counsel, who may either file an amended PCRA petition or properly file a ***Turner***/***Finley*** 'no-merit' letter and motion to withdraw as counsel." ***Id.*** (footnote discussing our "disapproval" of the way the case had been handled in the PCRA court prior to Judge Veon's involvement omitted).

Upon remand, the court, now President Judge Matthew T. Kirtland as the undersigned, appointed third PCRA counsel, Melissa Merchant-Calvert, Esquire, on December 12, 2023, to represent Longendorfer. ***See*** PCRA Court Opinion, 5/20/24, at 3 (stating that it also "removed" Attorney Ferguson as counsel). On February 28, 2024, Attorney Merchant-Calvert filed a motion to withdraw as counsel, which was granted by the court on that same date. However, Longendorfer, while *pro se*, sought the appointment of new PCRA counsel via a letter that he submitted to the PCRA court on March 14, 2024.

On May 30, 2024, the court issued a responsive order to a hearing held on May 24, 2024, which addressed Longendorfer's "claim[, contained within the March 14, 2024 letter,] that Attorney Merchant-Calvert did not communicate with [him] during legal representation." Order, 5/30/24, at 1. Based on, *inter alia*, her letter sent to Longendorfer in which she "outlined the claims [he] desired to present and explained why [his] claims were without merit[,]" the court reaffirmed its earlier decision that Attorney Merchant-Calvert had "satisfied the procedural requirements to withdraw from representation[.]" ***Id.*** at 1-2. Additionally, on May 30, 2024, the court issued

- 4 -

its notice of its intent to dismiss Longendorfer's PCRA petition without a hearing pursuant to Rule 907. In accordance with that notice, Longendorfer filed a *pro se* response. Nevertheless, on August 1, 2024, the court dismissed his PCRA petition.

Longendorfer filed a timely notice of appeal while unrepresented by counsel and further submitted a statement of errors complained of on appeal.[3]

_____

[3] In his Rule 1925(b) statement, Longendorfer asserted, *inter alia*, that "PCRA counsel" was ineffective "for failing to represent [him] of aforementioned PCRA petition and withdrawl [*sic*] of representation without notification." *Pro Se* Statement of Errors Complained of on Appeal, 7/8/24, at 1 (unpaginated). Although such an "error" would facially fall under the auspice of a claim pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021) (giving PCRA petitioners the right to raise ineffective assistance of counsel contentions against PCRA counsel while appealing the denial of the first PCRA petition), , we note that Attorney Hadley had not been appointed at that juncture. Therefore, we highlight the inapplicability of **Commonwealth v. Greer**, 316 A.3d 623, 625 (Pa. 2024) (necessitating remand where "a represented petitioner seeks to raise **Bradley** claims against *his current counsel* while his petition is pending on appeal[]") (emphasis added). Furthermore, a more recent submission by Longendorfer to this Court asks us to order that he *keep* Attorney Hadley as counsel. **See** Petition to Keep Present Counsel, 6/11/25. While the precise thrust of Longendorfer's underlying ineffectiveness contention is ambiguous, **Greer** is distinguishable insofar as that case expressly involved an appellant sending his current attorney "a letter requesting a remand to allow Greer to raise claims of [that counsel's] ineffectiveness." 316 A.3d at 626. Therefore, without any clear assertion of fourth PCRA counsel's ineffectiveness, we see no basis to remand to litigate ineffective assistance of counsel claims against Attorney Hadley. We additionally emphasize that Longendorfer has since raised no discernable *pro se* claims pursuant to **Bradley** in his various motions filed in this Court since Attorney Hadley's appointment. He also has not filed any *pro se* appellate brief for our review.

To the extent Longendorfer wanted to raise an ineffectiveness claim against his first, second, or third PCRA counsel, permissible under **Bradley**, 261 A.3d

*(Footnote Continued Next Page)*

Ultimately, the court, on October 1, 2024, appointed fourth PCRA counsel, Attorney Hadley, to pursue the appeal from the denial of PCRA relief, giving him twenty-one days to file an amended concise statement of errors complained of on appeal. Attorney Hadley motioned the court for an extension of time to file this statement, which was granted on October 17, 2024, giving him forty-five additional days. On November 27, 2024, the court granted a second extension of time, giving Attorney Hadley until December 30, 2024, to file an amended statement. On December 30, 2024, Attorney Hadley filed a "Notice of Intentions & Motion to Set Deadline" with the PCRA court in which he indicated that he would not be filing an amended statement, but would instead be conforming to the dictates of ***Turner/Finley***, thus satisfying the notice requirement in Rule 1925(c)(4). Counsel then, before that same court, filed a motion to withdraw his representation on January 9, 2025.

On February 4, 2025, before this Court, Attorney Hadley filed a "Motion to Clarify Court of Proper Jurisdiction in which to file ***Turner/Finley*** No-Merit

_____

at 402 ("a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal"), Longendorfer, in his various filings, has failed to provide *any* indication whatsoever of his prior attorneys' ineffectiveness, effectively abandoning his contention after the filing of his statement of errors complained of on appeal. As such, even assuming there is a "claim" here, we can summarily dispose of it, obviating the need for remand. ***Cf. id.*** ("In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims.").

Motion to Withdraw" and, on March 19, 2025, filed a "Motion to Withdraw as Counsel." We denied both motions without prejudice, requiring, to the extent there were deficiencies,[4] counsel to fully comply with **Turner**/**Finley**'s requirements as well as those espoused in **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa. Super. 2016). To satisfy our directive, Attorney Hadley thereafter filed a combined motion to withdraw as counsel and **Turner**/**Finley** letter with this Court, the latter of which was dated April 16, 2025.

With that procedural posture in mind, we must preliminarily determine whether Attorney Hadley has met the requirements for withdrawal.

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [**Turner**, **supra**, and **Finley**, **supra**, and] . . . must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which [the] petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising [the] petitioner of the right to proceed *pro se* or by new counsel.
>
> ***
>
> [W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner/Finley**, the court— [PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw

---

[4] For example, Attorney Hadley's initial filing did not contain a **Turner**/**Finley** "no-merit" letter.

and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, Attorney Hadley has substantially complied with these technical requirements. In his ***Turner***/***Finley*** letter, counsel provided eight discrete "efforts" he undertook on Longendorfer's behalf and demonstrated an in-depth review into the issues contained in Longendorfer's original PCRA petition, determining them all to be meritless. ***See generally*** No-Merit Letter, 4/16/25. In Attorney Hadley's corresponding motion to withdraw,[5] it dually establishes that the "no-merit" letter was sent to Longendorfer and that Longendorfer was free to represent himself, retain new counsel, or abandon his appeal. ***See*** Motion to Withdraw as Counsel, 4/21/25, at ¶¶ 11, 14; ***see also*** No-Merit Letter, 4/16/25, at 6 (unpaginated) (letter notifying of Attorney Hadley's intention to withdraw, directing Longendorfer that, "[y]ou may, at your option, proceed *pro se*, with privately retained counsel or not at all[.]"). Accordingly,

---

[5] Notwithstanding our finding of substantial compliance, it is unclear whether Attorney Hadley sent Longendorfer the most recent iteration of his petition to withdraw. Nevertheless, counsel sent Longendorfer what is materially the same motion on January 9, 2025. ***See*** Motion to Withdraw as Counsel, 4/21/25, at ¶ 5. However, we note that it was the withdrawal motion sent to the PCRA court rather than this Court. We do not find this ambiguity fatal, as Longendorfer has been clearly apprised of Attorney Hadley's intention to withdraw as counsel. ***Cf. Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003) (determining that substantial compliance with the procedural requirements to withdraw as counsel will satisfy the ***Turner***/***Finley*** criteria).

we proceed to review Longendorfer's PCRA claims, as outlined in the *pro se* PCRA petition and as addressed in the **Turner**/**Finley** letter, to discern whether counsel was correct in determining them to be wholly unmeritorious. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (explaining that court must "conduct its own review of the merits of the case" and that "[i]f the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw," but "if the claims appear to have merit, the court will deny counsel's request").

Our Supreme Court has explained:

In reviewing the grant or denial of PCRA relief, an appellate court considers whether the PCRA court's conclusions are supported by the record and free of legal error.

\*\*\*

We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding. [An appellate court's] scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

**Commonwealth v. Flor**, 259 A.3d 891, 910-911 (Pa. 2021) (quotation marks and citations omitted).

Stemming from his original PCRA petition, Longendorfer maintains that he

did not have [his] evidence that he needed to prove [his] innocence [when he assented to his guilty plea]. This evidence was at SCI[-]Smithfield in the property room. [He] was housed at SCI[-]Mercer and was told by staff at SCI[-]Mercer that they were trying to get [his] property to SCI[-]Mercer. The [a]ssistant

- 9 -

> [d]istrict [a]ttorney told [him] to take the deal or pick a jury. [He]
> knew [he] could not win at trial without [his] evidence or
> witnesses.

PCRA Petition, 8/4/20, at 4. Longendorfer also averred that he "filed a motion to represent [himself] in this case[,] which was granted because [his] lawyer was not representing [him] properly." *Id.* Finally, Longendorfer alleged that he asked for a continuance "to prepare for trial and was denied." *Id.*

Attorney Hadley's "no-merit" letter segregates Longendorfer's contentions into claims of: (1) ineffective assistance of pre-plea counsel; (2) unlawful inducement in his guilty plea; (3) governmental interference; (4) after-discovered evidence; and (5) general error in the PCRA court dismissing the petition without a hearing. *See generally* No-Merit Letter, 4/16/25. The letter then delves into all five of these issues and, at each point, thoroughly concludes that Longendorfer is not entitled to relief.

As in counsel's "no-merit" letter, the PCRA court substantially addressed these issues in its opinion filed in conjunction with its Rule 907 notice:

> [Longendorfer's] claims [are] waived, previously litigated, and
> meritless. Generally, "upon entry of a guilty plea, a defendant
> waives all claims and defenses other than those sounding in the
> jurisdiction of the court, the validity of the plea, and what has
> been termed the 'legality' of the sentence imposed[.]"
> ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014).
> On September 10, 2018, [Longendorfer] entered a plea of guilty.
> Therefore, [Longendorfer's bald] claim concerning any violations
> of his constitutional rights is waived as it does not challenge the
> jurisdiction of the court, the validity of the plea[,] or legality of
> the sentence imposed.
>
> [Longendorfer purports to] challenge[] the validity of the guilty
> plea and claims availability of newly-discovered evidence, which

are previously litigated claims. On appeal, [Longendorfer] raised a claim that there was evidence of his innocence "which prison officials at SCI-Smithfield had failed to send him when he was transported to Venango County for trial. . ." *See Commonwealth v. [ ] Longendorfer*, [2020 WL 2764421, *2 (Pa. Super., filed May 27, 2020) (unpublished memorandum)], citing Longendorfer's [Direct Appeal] Brief at 34-35. [Longendorfer] did not inform [this court] of the nature of the allegedly exculpatory evidence that he could have obtained.

Here, [Longendorfer] advances the same claim that evidence was not transported to him prior to entry of the guilty plea, which [we] rejected on [direct] appeal. [Longendorfer] did not cite the nature of the alleged newly-discovered evidence on appeal in 2020 and now fails to cite the nature of the evidence or when the evidence had subsequently become available. [Longendorfer] also fails to cite when the alleged exculpatory evidence [] subsequently bec[a]me available.

[Longendorfer] references the [c]ourt's denial of his request for a continuance to prepare for trial. On appeal, [Longendorfer] claimed that the trial court improperly denied his continuance requests to obtain allegedly exculpatory evidence and should have allowed him to withdraw his guilty plea. [Longendorfer] asserted that as a result of this ruling, he was "forced against his will to accept the Commonwealth's plea agreement[." This c]ourt found that [Longendorfer's] claim contradicted his statements in his written and oral guilty plea colloquies to the contrary. *Id.* [We] noted that[,] "although [Longendorfer] asked the court for a continuance to obtain further evidence of his alleged innocence, he nonetheless decided to plead guilty[." We] held that the record showed that [Longendorfer] willingly pleaded guilty and moved forward with his plea rather than proceed[ed] with trial. This [c]ourt arrives at the same conclusion upon review of the record. Therefore, [Longendorfer's] claim challenging the validity of his guilty plea is without merit.

The record reflects that [Longendorfer] filed a [m]otion to [p]roceed [*p*]ro [*s*]e, which was heard by the [c]ourt on September 10, 2018, immediately before [Longendorfer] entered his guilty plea. At the time of the hearing, after a lengthy colloquy, [Longendorfer] waived his right to counsel and indicated that he wished to proceed *pro se* for the purposes of negotiating a plea with the Commonwealth. [Longendorfer] stated that he was

- 11 -

taking four prescription medications at the time but indicated those medications were not affecting his ability to understand any of the proceedings. The [c]ourt found that [Longendorfer] made a knowing, intelligent[,] and voluntary waiver of his right to counsel. The Commonwealth proceeded to outline the plea offer, at which time [Longendorfer] indicated that he would accept the terms outlined therein. [Longendorfer] cannot claim ineffective assistance of counsel when he was acting *pro se* at the time he entered his guilty plea. For this reason, [Longendorfer's] ineffective assistance of counsel claim is without merit.

[Longendorfer's] claim of improper obstruction by government officials of his right to appeal is without merit as [Longendorfer] was permitted and[,] did file[,] a timely appeal in this matter.

PCRA Court Opinion, 5/20/24, at 4-6.

We agree with the PCRA court's analysis concluding that there are no claims of arguable merit that Attorney Hadley could raise on Longendorfer's behalf. Here, Longendorfer's "newly-discovered evidence" fails because it was previously litigated on direct appeal. *See* 42 Pa.C.S. § 9543(a)(3) (PCRA petition has the burden to plead and prove that "the allegation of error" presented has not been "previously litigated or waived"); 42 Pa.C.S. § 9544(a)(2) (for purposes of the PCRA, an issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue"). Moreover, Longendorfer waived any claims alleging plea court error for denying him a pre-plea continuance or accepting his guilty plea where he did not raise related claims on direct appeal. *See* 42 Pa.C.S. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so . . . on appeal"). Longendorfer also has no basis to raise ineffective assistance of

- 12 -

counsel claims in connection with the entry of his guilty plea where the certified record reflects that he voluntarily waived his right to counsel prior to the entry of that plea.

In one of the multitudinous responses to Attorney Hadley that Longendorfer has filed in this Court, Longendorfer, consistent with his original PCRA petition, continues to assert that there is "evidence" of his "innocence." Petition to Keep Present Counsel, 6/11/25. However, the actual body of that same recently-filed "petition" does not maintain his innocence, but instead alleges that he was in a "medically[-]induced coma" until July 17, 2017, which resulted in him being coerced into a guilty plea in 2018. **See id.** To the extent that Longendorfer implies that he was incapable of entering a voluntary guilty plea due to limited mental capacity caused by a prior coma, his statements to that effect are belied by the statements made in his guilty plea colloquy and could not have provided a basis to seek the withdrawal of his guilty plea even assuming that he had raised a related claim on direct appeal. **See, e.g.**, **Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999) ("A defendant is bound by the statements he makes during his plea colloquy[] and may not assert grounds for withdrawing the plea that contradict statements made when he pled.").

We conclude that Longendorfer's PCRA petition, and any responsive filing he has submitted thereafter, contains nothing of merit. As it is responsive to his primary claim, we agree with the PCRA court and Attorney

Hadley's "no-merit" letter insofar as Longendorfer's direct appeal explicitly addressed his claim that evidence of his innocence was withheld from him and, instead, located at another state correctional institution. Moreover, to the extent Longendorfer alleges ineffective assistance of counsel leading up to and during his guilty plea, now claiming there to be a medical incident or incidents causing him some level of incapacity, Longendorfer was *pro se* when he, on the record, expressed his knowing and voluntary assent to the plea *in toto*. Accordingly, our thorough review of record compels the same conclusion as that stated by Attorney Hadley: there is nothing of merit raised in Longendorfer's PCRA petition, and nothing filed by him thereafter compels a different outcome. Thus, we grant counsel's motion to withdraw and affirm the order denying Longendorfer PCRA relief.

Motion to withdraw as counsel granted. Outstanding filings by both Longendorfer, *pro se*, and Attorney Hadley denied as moot. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/13/2025

- 14 -